UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES A. PHILLIPS,

    Plaintiff,                       CIVIL ACTION NO. 07-10734

    v.                              DISTRICT JUDGE THOMAS L. LUDINGTON

COMMISSIONER OF                  MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action for judicial review of defendant's decision denying plaintiff's application for supplemental security income (SSI) disability benefits. Plaintiff alleged that he became disabled as of 1996 due to manic depression, drug and alcohol abuse, low back problems, and vertigo. (Tr. 87, 91) After two hearings with counsel, a remand after judicial review[1] and another administrative hearing at which plaintiff elected to proceed without counsel, the defendant found that plaintiff was not disabled because he could perform a significant number of jobs at the medium exertional level. (Tr. 347-54) The Appeals Council denied review and the plaintiff appealed to this court. Plaintiff filed this case pro se and was granted in forma pauperis status. After issues of service were resolved and defendant served, the court

---

[1]That action was Case No. 01-CV-74729 (Cohn, Morgan). The Report and Recommendation is attached and portions incorporated in this Report. The Memorandum Opinion is contained in the transcript at page 356.

- 1 -

entered a scheduling order requiring each party to file a motion for summary judgment. Plaintiff's motion was due in June and the government's response in July. Although the government filed its motion, plaintiff neither filed a motion nor requested an extension. Therefore, pursuant to the order, the case is deemed submitted on the merits and ready for Report and Recommendation.[2]

As discussed in the attached report filed in the earlier case, the ALJ originally found plaintiff able to perform routine medium work, doing simple tasks in a low stress setting, no work at production pace, and no work with the general public or in close contact with supervisors or coworkers. The plaintiff objected to the Report and Recommendation affirming this finding, arguing that the ALJ should have considered his Hepatitis C and the fatigue that results from it. He said that his lack of credibility before the ALJ could be attributed to his confusion resulting from Hepatitis C. The district judge remanded the matter to the agency for them to consider the effects of plaintiff's medications.

> "Phillips's evidence of his diagnosis of Hepatitis C is new, as it was not considered by the ALJ. There is good cause for the failure to incorporate this condition in his petition, as he was not yet diagnosed with Hepatitis C at the time of the hearing. The only question in dispute is whether it is 'material.' The ALJ found that Phillip's testimony regarding his mental and physical impairments was not credible. This testimony included the side effects of his

---

[2]During the course of this review process, plaintiff could have filed a new application for benefits and become entitled to SSI. On his 50th birthday, he would have been subject to a new rule for determining disability as he would no longer be a "younger individual." Whether he filed a new application, or is currently in "pay" status, is not known to the court. He has called chambers on several occasions, indicating that the court could simply deny this appeal, but not filing any written request to such effect. It appears likely that plaintiff may now be in "pay status."

> medication, the effectiveness of his medication in preventing
> hallucinations, and his tendency to walk off the job due to
> hallucinations. None of these would be influenced by Phillip's
> Hepatitis C, so it cannot be said to be material to the ALJ's
> evaluation of Phillip's testimony. It is also not material to the
> ALJ's determination that Philips' other impairments do not prevent
> him from work [sic]. It is, however, material to the ultimate
> question of whether Phillips is unable to work and entitled to
> benefits as a result of his various impairments. The ALJ must
> consider all of Phillips's impairments together and determine
> whether any one impairment, or the combination of impairments,
> prevents him from working. See, 20 C.F.R. § 404.1523. Phillips
> says that his diagnosis of Hepatitis C in 2001 means that he may
> have had Hepatitis C for up to 30 years previous. He certainly
> many have had Hepatitis C in 1996 when he applied for benefits
> initially, and if he did, that should be considered in determining
> whether he had a disability and whether it entitled him to benefits.
> Conclusion:
> For the foregoing reasons, the Commissioner's motion for
> summary judgment is denied. Phillips's motion for summary
> judgment is also denied. The case is remanded for consideration
> of Phillip's Hepatitis C."

On remand, the case was heard by a different ALJ. The ALJ considered the voluntary admissions to the VA Hospital for mental health treatment in April and October, 2001, and the new diagnosis of Hepatitis C. Plaintiff and vocational expert Luann Castellana appeared at the hearing and gave testimony on July 21, 2005. Plaintiff, after being informed of his right to be represented, declined to have an attorney or representative and executed a waiver. Plaintiff did not dispute the medical evidence submitted to the previous ALJ which was earlier considered by this court and Judge Cohn. (Tr. 349) With respect to the alleged new and material evidence, the evidence showed that on April 21, 2001 plaintiff was admitted to the VA Hospital on a voluntary basis with subjective complaints of anxiety attacks. The VA had treated him for some time for

- 3 -

psychosis NOS [not otherwise specified]. The Mental Status examination upon admission noted that grooming and hygiene were adequate, no form of thought disorder was identified, Mr. Phillips denied homicidal or suicidal ideation, denied any auditory or visual hallucinations[3], and was oriented to time, place, and person with remote and recent memory intact. His insight and judgment were noted as limited. Routine laboratory tests were negative for Hepatitis C. His condition was stabilized and he was released on April 27, 2001, to be followed on an outpatient basis while he lived with his mother. (Tr. 370-376) His GAF was 30 on admission and 50 on discharge. (Tr. 373)

On October 1, 2001, plaintiff was again admitted to Detroit VA Medical Center with subjective complaints of suicidal ideation. Diagnosed with psychosis, NOS; diabetes, thyroid disorder and Hepatitis C, his GAF on admission was 35 on admission and 50 on discharge. (Tr. 371-372). Plaintiff noted that he had been treated with Risperdal in the past, but was "not taking it secondary to feeling too strong and he is concerned about Hepatitis C." Plaintiff had also stopped his Zoloft secondary to experiencing suicidal thoughts for the previous two days. (Tr. 371) He denied visual hallucinations but heard voices in the past. Cheerful in public, he denied specific paranoid delusions. He believed that he had been depressed secondary to hepatitis C. Id. Plaintiff was alert and oriented, lucid in speech, but had anxious affect, thoughts were poorly organized, and had a delusional belief regarding demons. (Tr. 371) He had suicidal thoughts with plans to stab himself. He was not homicidal. Id. During his stay, he became more socially

---

[3]At first, plaintiff claimed to hear Jesus talking to him but later denied this on further evaluation. His medications were adjusted while he was hospitalized and he reported decreasing anxiety.

active, was treated with medication, was hearing voices less, and was doing fine at time of discharge on October 12, 2001. (Tr. 371) No medical records support a report or finding that plaintiff experienced any residual physical limitations whatsoever as a result of the Hepatitis. Although plaintiff reported "being concerned" about the diagnosis, no confusion, fatigue, or other physical symptoms are in the record.

The ALJ found that plaintiff's anxiety disorder with schizoaffective disorder and a new alleged impairment of Hepatitis C were "severe" at Step Two. Plaintiff had no impairments that met the Listings of Impairments. The ALJ also found that plaintiff's allegations of limitations are not totally credible. The ALJ determined that plaintiff retained the RFC to perform the work previously identified (medium, simple and low stress, with little contact with the public and supervisors) and that such work existed in significant numbers (general laborer/stocker 6000, janitorial/cleaning 10,000 medium; 3500 light, packaging 3000 light and others).

Accordingly, it is recommended that the defendant's motion be granted and the decision denying benefits on the 1996 application be affirmed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

<u>s/Virginia M. Morgan</u>
Virginia M. Morgan
United States Magistrate Judge

Dated: October 24, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on October 24, 2008.

<u>s/J. Johnson</u>
Case Manager to
Magistrate Judge Virginia M. Morgan